IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| CRESCENT COMMUNITIES, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>CRESCENT REAL ESTATE EQUITIES LIMITED PARTNERSHIP,<br><br>      Defendant. | Civil Action No.: |
| **COMPLAINT FOR DECLARATORY JUDGMENT** | |

Plaintiff Crescent Communities, LLC ("Plaintiff") submits this Complaint against Defendant Crescent Real Estate Equities Limited Partnership ("Defendant"), and as grounds therefore, states as follows:

1. Plaintiff brings this action for a Declaratory Judgment and further necessary and proper relief under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

**PARTIES**

2. Plaintiff is a Georgia limited liability company with a principal place of business at 227 West Trade Street, Suite 1000, Charlotte, North Carolina 28202. Plaintiff does business in this State and in this District.

3. Upon information and belief, Defendant is a Delaware limited partnership with a principal place of business at 777 Main Street, Suite 2100, Fort Worth, Texas, 76012. Defendant does business in this State and in this District.

## JURISDICTION AND VENUE

4.   This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b).

5.   This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

6.   This Court has personal jurisdiction over Defendant by virtue of its significant contacts here. Upon information and belief, Defendant has conducted business in this State and District; it owns, uses, and/or possesses real property in this State and District; and it maintains an office in this State and District. In fact, Defendant has threatened Plaintiff's business, in this State and District and elsewhere, by accusing Plaintiff of unlawful actions through a demand letter dated April 14, 2016 (the "Demand Letter"). A copy of the Demand Letter is attached as **Exhibit A**. In the Demand Letter, Defendant admits that the "Crescent trademarks that are at the center of this dispute "have been used in commerce in Texas and Colorado since as early as 1983." (*See* Ex. A, at 2.) Further, this dispute arises out of Defendant's threat to Plaintiff to immediately cease and desist use of Plaintiff's trademark in several geographic locations, including in this State and District. Thus, this Court has personal jurisdiction over Defendant consistent with the United States Constitution and Colorado's long-arm statute, section 13-1-124, C.R.S. (2016).

7.   Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

8. Defendant purports to be the owner of U.S. Service Mark Nos. 1689262 and 2049403 for the THE CRESCENT mark, and U.S. Service Mark Nos. 2103239 and 3155420 for the CRESCENT mark ("Defendant's Marks").

9. Defendant, through its counsel, has accused Plaintiff of violating federal trademark laws through Plaintiff's use of its CRESCENT COMMUNITIES mark ("Plaintiff's Mark").

10. Defendant has been aware of Plaintiff and Plaintiff's use of CRESCENT-formative marks for over 18 years.

11. Defendant has been aware of Plaintiff's use of Plaintiff's Mark for over 3 years.

12. Defendant has threatened Plaintiff's business, in this State and District and elsewhere, by accusing Plaintiff of unlawful actions through a Demand Letter dated April 14, 2016.

13. Defendant states in its Demand Letter that Plaintiff must immediately cease and desist all use of Plaintiff's Mark "in all geographic areas in which (1) [Plaintiff] had lacked a significant presence in 1992, and (2) there is a geographic overlap between [Defendant's] operations and [Plaintiff's]. These areas include, at a minimum, the states of Texas, Colorado, Tennessee, and Florida."

14. Defendant further states in its Demand Letter that, if Plaintiff fails to cease and desist immediately, it will "have no choice but to pursue all of [Defendant's] legal remedies."

15. Upon information and belief, Defendant has yet to file a complaint against Plaintiff to enforce its purported trademark rights in Defendant's Marks.

16.     Plaintiff's Mark does not infringe upon any valid and enforceable trademark rights Defendant may have in Defendant's Marks.

17.     Plaintiff has not violated any of Defendant's purported trademark rights and is not liable to Defendant for trademark infringement or any other federal, state, or common law causes of action, whether arising in law or equity.

18.     Plaintiff's use of Plaintiff's Mark has not caused—nor will it cause—any damage to Defendant by, among other things, harming Defendant's sales, goodwill, and reputation.

19.     Defendant does not have the exclusive right to use trademarks that include the word "Crescent" in conjunction with real estate-related products or services in this State and District or the other territories where Defendant demanded a cessation of activities by Plaintiff.

20.     Defendant does not have valid and enforceable trademark rights in Defendant's Marks in this State and District to justify the relief sought from Plaintiff.

## CLAIM FOR RELIEF: DECLARATORY JUDGMENT

21.     Plaintiff incorporates paragraphs 1-20, above, as if set forth fully herein.

22.     This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

23.     There is a real, substantial, and justifiable issue in controversy between the parties regarding Defendant's purported trademark rights, Plaintiff's rights to continue using Plaintiff's Mark, and Defendant's threat to Plaintiff that it immediately cease and desist all use of Plaintiff's Mark in several geographic areas, including Colorado.

24.     Plaintiff is entitled to a judgment declaring that it has not violated any purported trademark rights of Defendant under federal, state, or common law and that it is not liable to

Defendant for any claims, including any claim of trademark infringement, concerning Defendant's Marks.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that the Court enter judgment as follows:

A.  Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant, including any provisions of 15 U.S.C. §§ 1114 and 1125 or any other asserted federal, state, or common law laws as it relates to Defendant's Marks;

B.  Granting Plaintiff its costs and awarding Plaintiff its reasonable attorney fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated:  April 29, 2016                                  Respectfully submitted,

s/ *Joel S. Neckers*
Joel S. Neckers
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO  80202-5647
Telephone:  303.244.1800
Facsimile:  303.244.1879
Email:   neckers@wtotrial.com

*Attorney for Plaintiff*
*Crescent Communities LLC*